OPINION
Defendant-appellant Kimberly R. Bennett appeals the March 30, 2000 Judgment Entry, denying her Motion to Vacate Sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 22, 1994, following a bench trial, appellant was convicted of driving while intoxicated, and sentenced to a period of incarceration of 180 days in county jail with all of the time, except for 10 days, suspended. The trial court also imposed a fine of $700 plus court costs, ordered appellant's vehicle be impounded for 90 days, ordered appellant to complete the Quest program, suspended appellant's driver's license for one year, and placed six points on appellant's driving record. Appellant reported to the Stark County Jail to commence her sentence on March 22, 1994, as scheduled. Due to jail overcrowding, appellant was issued an "Order of Release" on that day, which temporarily released her from jail and instructed her to return on April 4, 2000. On March 27, 2000, appellant filed a Motion to Vacate Sentence. Via Judgment Entry filed March 30, 2000, the trial court summarily denied appellant's motion. Appellant filed a Motion to Stay Execution of Sentence on April 5, 2000. The trial court took no action on the motion, however, on April 11, 2000, the court issued a bench warrant for appellant's failure to appear at the Stark County Jail on April 4, 2000. It is from the March 30, 2000 Judgment Entry appellant appeals, raising as her sole assignment of error:
 THE LOWER COURT ABUSED ITS DISCRETION WHEN IT DID NOT GRANT APPELLANT'S MOTION TO VACATE AND/OR STAY APPELLANT'S SENTENCE THEREBY CAUSING APPELLANT'S FREEDOM TO BE UNREASONABLY AND UNLAWFULLY RESTRICTED.
 I
In her sole assignment of error, appellant contends the trial court abused its discretion in denying her motion to vacate and/or stay her sentence as such caused appellant's freedom to be unreasonably and unlawfully restricted. In State v. Zucal (1998), 82 Ohio St.3d 215, the Ohio Supreme Court held: [I]n convictions involving misdemeanor offenses, a delay in execution of sentence resulting from jail overcrowding that exceeds five years from the date that sentence is imposed is unlawful. Thus, any sentence resulting from a conviction of a misdemeanor offense that is not completed within five years from the date of sentencing must be vacated.
Id. at 221.
The appellant in Zucal was convicted and sentenced on one count of driving under the influence of alcohol on March 14, 1990. Id. at 216. The trial court ordered the appellant to report to the Stark County Jail on March 16, 1990, to commence her ten-day jail sentence. Id. When the appellant reported to the jail at the scheduled date and time, she was issued an "Order of Release" due to jail overcrowding, and directed to return seventeen months later on August 26, 1991. Id. The appellant reported to the jail as ordered on August 26, 1991, however, the commencement of her sentence was again temporarily suspended due to jail overcrowding. Id. The appellant was instructed to return to the Stark County Jail two years and five months later on February 1, 1994. Id. On February 1, 1994, the appellant once again reported to the jail, but once again was released from custody due to jail overcrowding. Id. The appellant was ordered to report back to the jail in five years and eight months on October 20, 1999. Id. at 217. The appellant filed a motion to vacate her sentence on May 6, 1996. Id. The trial court modified the appellant's original ten-day jail sentence to a five day jail sentence plus eighteen days of electronically monitored house arrest. Id. Via Order dated June 25, 1996, the trial court overruled the appellant's motion to vacate sentence. Id. The appellant timely appealed to this Court, which affirmed the judgment of the trial court. Id. The Ohio Supreme Court allowed a discretionary appeal. Id. Recognizing, and expressing its concern regarding, the growing societal problem of jail overcrowding, the Ohio Supreme Court, nonetheless, found "a lengthy delay of longer than five years is an unreasonable, burdensome, and unlawful restriction of [the] appellant's freedom, given our notions of due process." Id. at 219. Herein, appellant was convicted and sentenced for a misdemeanor offense on March 22, 1994. Although appellant reported to the jail on March 22, 1994, as scheduled, she was emergency released from the jail due to overcrowding and instructed to return six years and two weeks later on April 4, 2000. Based upon the authority of Zucal, supra, we find this delay to be unreasonable, burdensome, and an unlawful restriction of appellant's freedom. Accordingly, appellant's sole assignment of error is sustained.
The judgment of the Canton Municipal Court is reversed and appellant's jail sentence is vacated.
 ________________ Reader, V.J.
Hoffman, J. and Edwards, J. concur